PATRICK M. RYAN (SBN 203215)
  pryan@bzbm.com
CHAD E. DEVEAUX (SBN 215482)
  cdeveaux@bzbm.com
CHRISTOPHER W. GRIBBLE (SBN 285337)
  cgribble@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Defendants COUNTY OF SAN
MATEO and CHRISTINA CORPUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Curtis L. Briggs, Robert Canny, and Matthew Murillo,<br><br>    Plaintiffs,<br><br>    v.<br><br>San Mateo County, Carlos Bolanos, Sheriff of San Mateo County, and Frank Dal Porto, Captain of the San Mateo County Sheriff's Office,<br><br>    Defendants. | Case No. 22-cv-05012-YGR<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo,<br><br>    Plaintiffs,<br><br>    v.<br><br>County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County,<br><br>    Defendants. | Case No. |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants County of San Mateo (the "County") and Christina Corpus (collectively "Defendants") respectfully submit the following Administrative Motion to Consider Whether Cases Should Be Related pursuant to Civ. L.R. 3-12. This Motion is based on this Notice and the accompanying Memorandum of Points and Authorities in support of the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     TITLES AND NUMBERS OF RELATED CASES**

On September 1, 2022, three plaintiffs filed their Complaint in *Briggs, et al. v. San Mateo County*, Case No. 22-cv-05012-YGR, alleging, inter alia, that Defendants the County of San Mateo (the "County"), its Sheriff, and other County officials violated the constitutional rights of inmates detained at the San Mateo County Jails by engaging in "extensive surveillance" of "electronic" correspondence with inmates, by using technology and services provided by a certain vendor (Smart Communications). Case No. 22-cv-05012-YGR ("Briggs Comp.") at ¶ 41. The *Briggs* case was voluntarily dismissed on December 8, 2022. For the reasons explained below, that action is related to the present matter, *A.B.O. Comix, et al. v. Cnty. of San Mateo*, which was filed on March 9, 2023, served on March 17, 2023 ("A.B.O. Comix Comp."), and removed to the United States District Court for the Northern District of California concurrently with this motion.

**II.    RELATIONSHIP OF THE ACTIONS**

Civ. L.R. 3-12 provides that actions are "related" when they "concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, both cases concern the County's contracted-for implementation and use of Smart Communications' technology, including that which is generally referred to as "MailGuard" services. *See, e.g.,* A.B.O. Comix Comp. ¶ 32 ("San Mateo County formally entered into an agreement with Smart Communications on September 1, 2021. Pursuant to that agreement, the County agreed to adopt MailGuard and to make digitized mail accessible only on communal

tablets and kiosks provided by Smart Communications[.]"); Briggs Comp. ¶ 28 (In September of 2021, the San Mateo Board of Supervisors entered into a written agreement with a privately held Florida Corporation called Smart Communications Holding, Inc. ... to provide inmate communication services for the Defendants' jails."). According to both Complaints, the San Mateo County and Smart Communications' contract specifies that Smart Communications will provide digital "inmate communications services for the [County's] jails." Briggs Comp. ¶ 28; *see also* A.B.O. Comix Comp. ¶ 1. These services enable incarcerated persons to receive communications on "tablets." A.B.O. Comix Comp. ¶ 4. Both Complaints contend that the County's provision of Smart Communications' "shared tablets" for inmate communications "subjects both the senders and recipients … to increased and unwarranted surveillance." A.B.O. Comix Comp. ¶¶ 1-2; *compare id. with* Briggs Comp.¶ 41 (accusing the County of unconstitutionally engaging in "extensive surveillance" of "electronic messages" to "incarcerated" persons). Both complaints also allege the County's "surveillance" has "deterred many … from writing as freely about sensitive topics, and has deterred others…from sending mail into the County's jails at all." A.B.O. Comix Comp. ¶ 7; *see also* Briggs Comp. ¶ 107 ("The new policy chills the exercise of the Plaintiffs' and their staffs' First Amendment Rights.").

### A.  Both Suits Involve Substantially the Same Parties and Transaction

Civ. L.R. 3-12's first standard is met because the County and its Sheriff in the Sheriff's official capacity are defendants in both cases. Two cases involve "substantially the same parties" for purposes of L.R. 3-12 "[e]ven though different plaintiffs are involved" when "the same defendants are involved" and the plaintiffs in both cases have a similar relationship with the defendants. *Fin. Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006). For example, in *Fin. Fusion*, the court found two cases involved "substantially the same parties" despite the fact "different plaintiffs [were] involved" because "the same defendants [were] involved" in both cases and the plaintiffs in both cases were "vendors providing services under indemnification agreements." *Id.* Here, in both cases, the plaintiffs accused the County and its Sheriff in the Sheriff's official capacity of engaging in "extensive surveillance" of "electronic messages" to "incarcerated" persons by way of utilizing the same vendor's technology. Briggs

Comp. ¶ 41; *accord* A.B.O. Comix Comp. ¶¶ 1-2 (alleging County's use of "shared tablets" to enable inmates to correspond with outside world "subjects both the senders and recipients … to increased and unwarranted surveillance").

Moreover, the fact that the Sheriff in office in September of last year who was a defendant in the *Briggs* case is not the same person as the Sheriff who is a defendant in the present case is immaterial. In both cases, the plaintiffs sued the Sheriffs in their official capacities as "the elected Sheriff of San Mateo County." Briggs Comp. ¶ 12; *accord* A.B.O. Comix Comp. ¶ 23. The fact that a new Sheriff took office following the intervening election in November does not make the current Sheriff a "different" party because both Sheriffs were sued in their official capacities.

The two cases also involve the same transaction—the September 1, 2021 contract between San Mateo County and Smart Communications whereby Smart Communications provides the San Mateo County jail with services branded MailGuard. *See, e.g.,* A.B.O. Comix Comp. ¶ 32 ("San Mateo County formally entered into an agreement with Smart Communications on September 1, 2021. Pursuant to that agreement, the County agreed to adopt MailGuard and to make digitized mail accessible only on communal tablets and kiosks provided by Smart Communications[.]"); Briggs Comp. ¶ 28 (In September of 2021, the San Mateo Board of Supervisors entered into a written agreement with a privately held Florida Corporation called Smart Communications Holding, Inc. ... to provide inmate communication services for the Defendants' jails."). Both Complaints ask the Court to enjoin the performance of the contracted-for MailGuard services. *See, e.g.,* A.B.O. Comix Comp. Request for Relief ¶¶ D-H; Briggs Comp. Prayer for Relief ¶ B. Here, because the "essential facts that constitute" the claims in both Complaints constitute the same operative facts, the two actions constitute substantially the same transaction, thereby further satisfying Civ. L.R. 3-12. *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926); *see also Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019).

**B.     Assigning the New Case to a Different Judge Would Waste Judicial Resources**

Civ. L.R. 3-12's second standard is likewise satisfied because assigning the *A.B.O. Comix* case to a different Judge would cause "an unduly burdensome duplication of labor and expense." The fact that the prior case is no longer pending does not alter this fact. *See Dave Drilling Envtl.*

1  *Eng'g, Inc. v. Gamblin*, 2015 WL 4051968, at *1, *7 (N.D. Cal. July 2, 2015). In *Dave Drilling*,
2  Judge Orrick held that the plaintiff violated L.R. 3-12(b)'s mandate that parties "must promptly
3  file … an Administrative Motion to Consider Whether Cases Should be Related" when it "knows
4  or learns that an action, filed in or removed to this district is … related to an action which is or
5  was pending in this District …." *Id.* at *6. There, the plaintiff had filed and then "voluntarily
6  dismissed" a suit in this district and then filed a "similar lawsuit." *Id.* at *1. The plaintiff argued,
7  inter alia, "it did not believe it needed to file a notice of related cases because the prior case was
8  closed." *Id.* at *7. Judge Orrick found this argument "is contradicted by the plain language" or
9  L.R. 3-12—i.e., that cases are related when "duplication of labor" can be avoided where a suit is
10 similar to "an action which is ***or was*** pending in this District …." *Id.* at *6-*7 (emphasis added).
11 Indeed, Judge Orrick held that the plaintiff's failure to move for the Court "to Consider Whether
12 [the] Cases Should be Related" constituted litigation "misconduct." *See id.* at *7.
13       Further, as Judge Conti held in *Our Children's Earth Found. v. Nat'l Marine Fisheries*
14 *Serv.*, 2015 WL 4452136 (N.D. Cal. July 20, 2015), when two cases allege "an ongoing pattern
15 and practice" of "the same" state government entity violates a federal mandate, L.R. 3-12's
16 "duplication of labor" factor is satisfied even when the cases involve "slightly different parties"
17 and "differing underlying" specific claims because all such claims "should be evaluated in the
18 same light as the other cases involving substantially the same [state entity]." *Id.* at *12. As such,
19 while here—like in *Dave Drilling*—the prior action was "voluntarily dismissed"—"duplication of
20 labor" can be avoided by relating the cases, because—as in *Our Children's Earth*—both cases
21 challenge "an ongoing pattern and practice" of the same state government entity.
22       **C.     Defendants Could Not Obtain a Stipulation that the Cases Should Be Related**
23       Defendants' counsel emailed Plaintiffs' counsel this morning asking if they would agree to
24 stipulate that the cases should be related. Declaration of Chad E. DeVeaux in Support of
25 Administrative Motion ¶ 7, Ex. D. Because Defendants' counsel were only retained the prior
26 business day, they asked Plaintiffs' counsel to respond by 11:00 AM today so that the Notice of
27 Removal and this Motion could be timely filed. *Id.* ¶ 7, Ex. D. Plaintiffs' counsel sent a reply
28 email at 10:08 AM, stating that they will not be able to provide a response about the proposed

motion to relate by 11:00 AM today, but will respond more substantively by the end of the day. *Id.* ¶ 7, Ex. D.

### III.     CONCLUSION

As explained above, the present case and Case No. 22-cv-05012-YGR should be found to be related because they concern "substantially the same parties" and "transaction" and because "an unduly burdensome duplication of labor and expense" can be avoided by relating the cases. On that basis, *A.B.O. Comix, et al. v. County of San Mateo* should be assigned to this Court.

DATED: April 17, 2023                                                                 Respectfully submitted,

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation

By: _____
Patrick M. Ryan
Attorneys for Defendants COUNTY OF SAN MATEO and CHRISTINA CORPUS