ROBERT H. BUNZEL (SBN 99395)
  rbunzel@bzbm.com
PATRICK M. RYAN (SBN 203215)
  pryan@bzbm.com
CHAD E. DEVEAUX (SBN 215482)
  cdeveaux@bzbm.com
CHRISTOPHER W. GRIBBLE (SBN 285337)
  cgribble@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Defendants COUNTY OF SAN MATEO and CHRISTINA CORPUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Kevin B. Prasad,<br><br>            Plaintiffs,<br><br>    v.<br><br>Carlos G. Bolanos, Kristina Bell, Mark C. Robbins, Alma Zamorra, John W. Munsey, and John Kovach,<br><br>            Defendants | Case No. 4:22-cv-01346-JST<br><br>**DEFENDANTS' NEW ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[SUPERSEDES PRIOR MOTION FILED BEFORE JUDGE GONZALEZ ROGERS ON APRIL 18, 2023]<br><br>[FILED WITH SEPARATE [PROPOSED] ORDERS DIRECTED TO JUDGE GONZALEZ ROGERS AND JUDGE TIGAR] |
| Curtis L. Briggs, Robert Canny, and Matthew Murillo,<br><br>            Plaintiffs,<br><br>    v.<br><br>San Mateo County, Carlos Bolanos, Sheriff of San Mateo County, and Frank Dal Porto, Captain of the San Mateo County Sheriff's | Case No. 4:22-cv-05012-YGR |

| | |
|---|---|
| Office,<br><br>　　　　　Defendants.<br><br>────────────────────<br>A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County,<br><br>　　　　　Defendants. | Case No. 4:23-cv-01865-DMR |

3042.000/1840768.8

NEW ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

<b>NOTICE OF MOTION AND MOTION</b>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants County of San Mateo (the "County") and Christina Corpus (collectively "Defendants") respectfully submit the following New Administrative Motion to Consider Whether Cases Should Be Related pursuant to Civil Local Rule ("L.R.") 3-12. This Motion supersedes the motion filed by Defendants before Judge Gonzalez Rogers on April 18, 2023. It is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities in support of the Motion.

<b>MEMORANDUM OF POINTS AND AUTHORITIES</b>

**I.    TITLES AND NUMBERS OF RELATED CASES**

This motion addresses whether *A.B.O. Comix, et al. v. Cnty. of San Mateo*, Case No. 4:23-cv-01865-DMR ("*A.B.O.*") is related to two other cases *Prasad v. Bolanos, et al.*, Case No. 4:22-cv-01346-JST ("*Prasad*") and *Briggs, et al. v. San Mateo Cnty.*, Case No. 4:22-cv-05012-YGR ("*Briggs*"). Defendants removed *A.B.O.* to federal court on April 17, 2023, and moved to relate it to *Briggs* on April 18, 2023. Decl. of Chad E. DeVeaux ("CED Decl.") ¶ 9. On April 19, 2023, Plaintiffs alerted Defendants' counsel to *Prasad*, which was served after *A.B.O.* was removed. *Id.* ¶ 10, Ex. 7. Because *Prasad* implicates aspects of L.R. 3-12, Defendants file this Motion out of an abundance of caution before both Judges Gonzalez Rogers and Tigar, superseding their prior motion, and request the Courts decide the appropriate relatedness among these cases.

L.R. 3-12 shows *A.B.O.* should be found to be related to *Briggs* and assigned to Judge Gonzalez Rogers because both cases involve substantially the same parties and ***exactly the same transaction*** along with nearly identical claims. In contrast, *Prasad* does not involve the same transaction. Both *A.B.O.* and *Briggs* target the County's use of Smart Communications' ("Smart") technology, which provides a comprehensive services platform available to inmates via tablets or kiosks. Among other things, Smart's technology provides a means for inmates to correspond by tablet or kiosk with non-incarcerated persons rather than by paper. These services thereby mitigate the introduction of drugs or other contraband into jails. *Id.* ¶¶ 13-14. Such technology is crucial because the nationwide opioid epidemic has confronted jails with "the introduction of illegal

1  narcotics through paper that ha[s] been soaked, sprayed, or otherwise treated with illicit substances
2  before being mailed to prisoners." *Human Rights Def. Ctr. v. Bd. of Cnty. Comm'rs*, __ F. Supp.
3  3d __, 2023 WL 1473863, at *1 (D.N.H. 2023). "[M]ethods for disguising narcotic-treated paper
4  ha[ve] grown increasingly sophisticated" and machinery "to scan incoming mail for narcotics" is
5  exceedingly "expensive" and such machines do "not detect fentanyl." *Id.* As such, "[t]he solution"
6  frequently comes "in the form of electronic tablets." *Id. Prasad* makes no reference to the
7  County's contract with Smart or its services, but focuses on alleged censorship of "provocative"
8  images and "literature." Thus, *A.B.O.* is closely related to *Briggs*, but not *Prasad*.

## II.  PROCEDURAL HISTORY

On July 25, 2022, Kevin Prasad filed his Amended Complaint, *pro se*, in *Prasad*. CED Decl. ¶ 4, Ex. 3. Defendants first received notice of the case when it was served on April 17, 2023, weeks after its dismissal on March 27, 2023. *Id*. ¶¶ 5-6. On September 1, 2022, *Briggs* was filed. *Id.* ¶ 7, Ex. 5. *Briggs* was dismissed on December 8, 2022. *Id.* ¶ 8. *A.B.O.* was filed on March 9, 2023, with service effectuated on March 30, 2023. *Id.* ¶ 2. The *A.B.O.* Defendants removed the case on April 17, 2023. *Id.* ¶ 3, Ex. 2.

## III.  RELATIONSHIP OF THE ACTIONS

Actions are "related" under L.R. 3-12 if they "concern substantially the same parties, property, **transaction** or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both *Briggs* and *A.B.O.* concern the County's contract for use of Smart's technology. *See, e.g.,* A.B.O. Comp. ¶ 32; Briggs Comp. ¶ 28. Both Complaints allege the County's contract with Smart specifies Smart will provide digital "inmate communications services for the [County's] jails." Briggs Comp. ¶ 28; *see also* A.B.O. Comp. ¶ 1. These services enable inmates to send and receive communications via tablets and kiosks. A.B.O. Comp. ¶ 4. *Briggs* and *A.B.O.* also contend the County's use of Smart's technology "subjects both the senders and recipients … to increased and unwarranted surveillance." A.B.O. Comp. ¶¶ 1-2; *accord* Briggs Comp. ¶ 41.

But *Prasad* makes no reference to Smart's technology or services nor does it allege surveillance in any form, or that such surveillance chills communications. Rather, the gravamen of

its claim is censorship, alleging that defendants prevent inmates from receiving certain types of mail in *any form*, by "implementing an institutional policy of banning any and all correspondence (with exception of Legal correspondence) …." Prasad Comp. at 3:9-14. It claims this supposed ban constitutes "discretionary censorship" inhibiting the plaintiff's "freedom of choice in purchasing literature." *Id.* at 4:8-14. It also alleges jail staff "censor inmate pictures based upon their own inherently subjective opinion" that they are "provocative" even though such images are not "pornographic." *Id.* at 4:15-5:9. But neither *A.B.O.* nor *Briggs* allege censorship.

Nevertheless, Plaintiffs here claim *Briggs* is not related to *A.B.O.* because "[t]he former involves only legal mail, while the latter involves only non-legal mail." CED Decl., ¶ 12. But L.R. 3-12 asks whether the cases "concern substantially the same parties, property, *transaction* or event." And both *Briggs* and *A.B.O.* target the same *transaction*—the contract between the County and Smart for Smart's technology and services, which encompasses both legal and non-legal correspondence. *See, e.g.,* A.B.O. Comp. ¶ 32 (the "County formally entered into an agreement with Smart …. Pursuant to that agreement, the County agreed to adopt MailGuard and to make digitized mail accessible only on communal tablets and kiosks provided by Smart Communications[.]"); Briggs Comp. ¶ 28 (the San Mateo Board of Supervisors entered into a written agreement with … Smart ... to provide inmate communication services for the Defendants' jails."). Both Complaints ask the Court to enjoin the performance of the contract for Smart's services. *See, e.g.,* A.B.O. Comp. Request for Relief ¶¶ D-H; Briggs Comp. Prayer for Relief ¶ B.

The fact that the two cases may involve varying aspects of Smart's technology and services is not relevant to L.R. 3-12's analysis—especially when the same issues and claims are alleged. *Prasad* does not make allegations related to Smart's services that are central to *Briggs* and *A.B.O.* It alleges the jail blocked inmates from receiving mail *in any form*. Here, because the "essential facts that constitute" the claims in both *Briggs* and *A.B.O.* are based on the same operative facts, the two actions constitute substantially the same transaction. Thus, L.R. 3-12's governing criteria requires the *Briggs* and *A.B.O.* cases should be found to be related. *See Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926). The substantial similarities between *Briggs* and *A.B.O.*—and the dissimilarities of *Prasad* —are further illustrated by the table below.

| Types of Allegations | *A.B.O.* | *Briggs* | *Prasad* |
|---|---|---|---|
| **Allegations Targeting the County's Contract to Use Smart's Inmate Communications Services** | *See, e.g.*, Comp. ¶¶ 1-2 ("challenge[ing] … policy of digitizing and then destroying mail sent to people in its jail"): *accord id*. ¶¶ 4-6, 9, 25-27, 32-41, 45, 55-57. | *See, e.g.*, Comp. ¶ 50 (lawsuit brought "on behalf of… [those] who have registered and used the Smart Mail System"): *accord id.* ¶¶ 1, 25, 28-34, 51-52. | |
| **Allegations Asserting that the County's Use of Smart's Communications Services Subjects Inmates to Unlawful Surveillance** | *See, e.g.*, Comp. ¶ 7 ("The County's digitization and long-term storage of correspondence … enables sophisticated and invasive surveillance of both incarcerated and nonincarcerated people."): *accord id.* ¶¶ 8, 28-29, 42, 46 | *See, e.g.*, Comp. ¶ 38 ("Smart Mail system seemingly appears private. In reality it is not private" because communications "are surveilled, read, downloaded, forwarded, and retained by Defendants."): *accord id*. ¶¶ 39-44, 56, 63, 64, 69, 79. | |
| **Allegations Asserting that Smart's Services Chills Inmate's Ability to Candidly Correspond with Outside Persons** | *See, e.g.*, Comp. ¶ 7 (policy has "deterred many … from writing as freely about sensitive topics …"); *accord id*. ¶¶ 5-6, 11, 47, 60-61, 63-65, 67-70, 72-87, 88-89. | *See, e.g.*, Comp. ¶ 107 ("policy chills the exercise of … First Amendment Rights."): *accord id*. ¶¶ 2-3, 76, 87, 93-97, 99-118. | |
| **Allegation that the County Bans Inmate Mail in *All Forms*— i.e., Refuting that Inmate Receive and Can Review Mail on Tablets or Kiosks** | | | *See, e.g.*, Comp., at 3:9-13 (accusing jail of "implementing an institutional policy of banning any and all correspondence (with exception of Legal correspondence) from entering the facility"). |

| Allegations that Defendants Policy Restricting "Provocative" Images Constitutes "Discretionary Censorship" and Inhibits Freedom of Choice in Purchasing Literature | | | *See, e.g.*, Comp. at 4:19-5:5 (County imposes "policy which defines and subsequently rejects outright unacceptable pornographic pictures being received by inmates. Specifically adds pictures which are 'provocative' … allow[ing] deputies to censor inmate pictures based on their own inherently subjective opinion"); *id.* at 5:13- (defendants "restrict which publishers plaintiff can receive books from, discriminately use [sic.] the 'provocative' pictures policy to discriminate which publications plaintiff has access to…."; *id.* at 5:5-7 (defendants "censor pictures which are not pornographic by nature, yet labeled 'provocative'…."). |
|---|---|---|---|

## IV.   DEFENDANTS COULD NOT OBTAIN A STIPULATION

Defendants notified Plaintiffs' counsel that Defendants "still believe that the *A.B.O Comix* suit is related to the *Briggs* case" and suggested filing a "stipulation" and asking Judge Gonzalez Rogers and Judge Tigar "to decide which, if either case, the new suit should be related to." CED Decl. ¶ 11. Plaintiffs replied: "We can't agree to a joint stipulation, because we do not agree that *Briggs* and *A.B.O. Comix* are related." *Id.* ¶ 12.

| | | |
|---|---|---|
| DATED: April 21, 2023 | | Respectfully submitted, |
| | | BARTKO ZANKEL BUNZEL & MILLER |
| | | A Professional Law Corporation |
| | By: | /s/ Patrick M. Ryan |
| | | Patrick M. Ryan |
| | | Attorneys for Defendants COUNTY OF SAN MATEO and CHRISTINA CORPUS |