1  CARA GAGLIANO (SBN 308639)
   AARON MACKEY (SBN 286647)
2  ELECTRONIC FRONTIER FOUNDATION
   815 Eddy Street
3  San Francisco, CA 94109
   Tel.: (415) 436-9333
4  Email: cara@eff.org

5

6  STEPHANIE KRENT (*Pro Hac Vice* motion forthcoming)
   ALEX ABDO (*Pro Hac Vice* motion forthcoming)
7  KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY
   475 Riverside Drive, Suite 302
8  New York, NY 10115
   Tel.: (646) 745-8500
9  Email: stephanie.krent@knightcolumbia.org

10

11 MARIA DEL PILAR GONZALEZ MORALES (SBN 308550)
   EMILY OLIVENCIA-AUDET (SBN 342116)
12 SHUBHRA SHIVPURI (SBN 295543)
   SOCIAL JUSTICE LEGAL FOUNDATION
13 523 West 6th Street, Suite 450
   Los Angeles, CA 90014
14 Tel.: (213) 973-4063
   Email: pgonzalez@socialjusticelaw.org

15

16 *Attorneys for Third Parties A.B.O. Comix, Kenneth Roberts,*
   *Zachary Greenberg, Ruben Gonzalez-Magallanes,*
17 *Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo.*

18

19                    **UNITED STATES DISTRICT COURT**

                **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**
20

21 | Curtis L. Briggs, Robert Canny, and Matthew Murillo, | Case No.: 22-cv-05012-YGR |
   |---|---|
22 | | **OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
   | Plaintiffs, | |
23 | | |
   | v. | |
24 | | |
   | San Mateo County, Carlos Bolanos, Sheriff of San Mateo County, and Frank Dal Porto, Captain of the San Mateo County Sheriff's Office, | |
25 | | |
26 | | |
   | Defendants. | |
27

28

---

                                    1

1    A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes,

2  Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo, oppose Defendants' motion to

3  relate their case, *A.B.O. Comix v. County of San Mateo*, No. 4:23-cv-01865-DMR, to the above-

4  captioned case because they do not show that the cases are related as defined in Civil L.R. 3–12(a).

5  *A.B.O. Comix* and *Briggs v. County of San Mateo*, 4:22-cv-05012-YGR, do not concern

6  substantially the same parties, and they do not concern substantially the same property, transaction,

7  or event. Moreover, assigning *A.B.O. Comix* to a different judge is unlikely to cause unduly

8  burdensome duplication of labor and expense or to lead to conflicting results.

9    Plaintiffs believe *A.B.O. Comix* is related to a different case, *Prasad v. Bolanos*, No. 4:22-

10  cv-1346-JST, and have filed a separate administrative motion in that case, attached as exhibit A,

11  explaining why. Thus, in addition to the reasons described below, Defendant's administrative

12  motion should be denied because *Prasad* is substantially related to *A.B.O. Comix*.

13  **I.      The A.B.O. Comix Case.**

14    Plaintiffs in *A.B.O. Comix* are people incarcerated in jails operated by San Mateo County,

15  their loved ones, and a nonprofit collective that supports those who are incarcerated through artistic

16  expression. Their complaint challenges San Mateo County's policy of banning physical mail and

17  subjecting the digital copies Defendants make to long-term surveillance. *See A.B.O. Comix* Compl.

18  (Dkt. No. 16–1, Ex. A) ¶¶ 1–2. On top of depriving Plaintiffs of physical mail, a unique and tactile

19  form of communication, the digitization and destruction of their physical mail violates their

20  expressive, associational, privacy, and religious rights. *Id*.

21    The policy has also made Plaintiffs' ability to access mail more difficult and less private.

22  People incarcerated who receive mail must use shared kiosks and tablets, and they must do so in

23  public places and during limited recreation time. *Id*. ¶ 4. Plaintiffs thus lack the ability to review

24  correspondence in the privacy of their own cells, or to re-read or easily return to correspondence

25  later. *Id*. And the tablets Defendants provide to Plaintiffs are plagued by technical problems that

26  can prevent plaintiffs from reading their mail at all. *Id*.

27

28

OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED.      Case No.: 22-cv-05012-YGR

**II.      The Cases Do Not Involve Substantially the Same Parties or Transaction.**

Defendants' motion should be denied because *A.B.O. Comix* and *Briggs* do not involve the same parties, transactions, events, or property, and do not concern the same aspects of the underlying technology Defendants are using in San Mateo County's jails.

The parties in *Briggs* are not the same as those in *A.B.O. Comix*. The plaintiffs in *Briggs* are all defense attorneys who represent people detained in San Mateo County jails. *See Briggs* Compl. (Dkt. No. 1) ¶¶ 6–10. The *Briggs* plaintiffs challenged San Mateo County's failure to protect the confidentiality of attorney-client communications and its plans to digitize physical mail sent by attorneys "on behalf of themselves and/or attorneys who have and may in the future have clients incarcerated in each of Defendants' jails . . . ." *Id*. ¶ 9. The *Briggs* plaintiffs do not seek to bring claims on behalf of their clients or anyone else incarcerated at the jails. *See id*. ¶¶ 111–18.

There are no attorney plaintiffs in *A.B.O. Comix*. As stated above, the *A.B.O. Comix* plaintiffs are individuals incarcerated in the San Mateo Jails, their loved ones, and a nonprofit arts collective. *See A.B.O. Comix* Compl. (Dkt. No. 1, Ex. A.) ¶¶ 14–21. The *A.B.O. Comix* plaintiffs challenge the entirety of San Mateo County's mail digitization program on their own behalf because they are "people and organizations who have been injured by San Mateo County's mail policy." *Id*. ¶ 57. Thus, the *Briggs* Plaintiffs and *A.B.O. Comix* Plaintiffs are separate parties whose complaints raise distinct concerns and interests.

*Briggs* and *A.B.O. Comix* do not concern the same transaction, event, or property, either. *Briggs* concerns only the Defendants' policies and procedures for handling attorney-client privileged electronic messages and mail: "This lawsuit is necessary to compel Defendants to implement the attorney-client blocking function [. . .] to stop Defendants' invasion of attorney client communications." *Briggs* Compl. (Dkt. No. 1) ¶ 79.

In contrast, *A.B.O. Comix* concerns Defendants' harm to non-legal mail that Plaintiffs send and receive. *See, e.g.*, *A.B.O. Comix* Compl. (Dkt. No. 1, Ex. A.) ¶ 7. In *A.B.O. Comix*, Plaintiffs allege that Defendants' digitization and long-term storage of all mail that had traditionally been sent and received via physical correspondence hampers their expression and "enables sophisticated and invasive surveillance of both incarcerated and nonincarcerated people." *Id*. *A.B.O. Comix* thus

1   focuses on very different aspects of Defendants' conduct than those at issue in *Briggs*. And *A.B.O.*

2   *Comix* has very different theories for how Defendants' mail digitization harms them.

3        Defendants' motion does not explain how the different plaintiffs and distinct issues

4   described above justify relating *A.B.O. Comix* to *Briggs*. *Financial Fusion, Inc. v. Ablaise Ltd.*,

5   2006 WL 3734292 (N.D. Cal. Dec. 18, 2006), is inapposite here. That case involved a close

6   relationship between the plaintiff businesses, which had together sought to relate their cases

7   because they each had indemnification agreements with a third party accused of patent infringement

8   by the defendant. *See id*. at *3. Thus, the plaintiffs in the two cases at issue in *Financial Fusion*

9   faced the possibility that without relation, they might be subject to different rulings on whether they

10  were indemnified by the same party concerning the same transaction—infringing the defendant's

11  patent. *Id*. But as just described, there is no similar close relationship between the *Briggs* and *A.B.O.*

12  *Comix* plaintiffs. Because the *Briggs* and *A.B.O. Comix* plaintiffs seek different relief based on

13  different theories of harm, the concerns about subjecting similarly situated parties to conflicting

14  outcomes are not present.

15  **III.   Assigning A.B.O. Comix to a Different Judge Would Not Waste Judicial Resources
         or Lead to Conflicting Results.**

16

17       Permitting *A.B.O. Comix* to be heard by another judge than the one assigned to *Briggs* will

18  not waste judicial resources because no substantive proceedings or rulings have occurred in *Briggs*.

19  The *Briggs* defendants never responded to the complaint, either via an answer or pre-answer

20  motion. This Court did not hold an Initial Case Management Conference, and the parties did not

21  ever file a Joint Case Management Statement because, prior to those deadlines, the parties stipulated

22  to dismiss the case. *See Briggs* Dkt. Nos. 12-13 (stipulation and order extending case deadlines);

23  14-15 (stipulation and order of dismissal).

24       It is unlikely that this Court had any occasion to consider the facts or legal claims at issue

25  in *Briggs*. Plaintiffs in *A.B.O. Comix* submit that their facts and legal claims are distinct from those

26  in *Briggs*. In any event, it does not appear as though this Court has devoted more than minimal

27  resources to manage an initial stage of the case, suggesting that there would not be much, if any,

28  judicial economy served by relating *A.B.O. Comix* to *Briggs*.

Defendants' argument that it is irrelevant that *Briggs* is no longer pending misses the mark. This factor of relatedness protects scarce judicial resources. Yet the fact that *Briggs* was dismissed at such an early stage without any dispositive motion from the parties or any related orders from the Court augurs in favor of keeping *A.B.O. Comix* separate from *Briggs*.

Defendants' reliance on *Dave Drilling Envtl. Eng'g, Inc. v. Gamblin*, 2015 WL 4051968 (N.D. Cal. July 2, 2015), is misplaced for the reasons described above. There, the defendant in the first-filed case had already filed a motion to dismiss and the plaintiffs had twice amended their complaint prior to the filing of the subsequent case. *Id*. at \*1. The procedural posture of the first case was different than in *Briggs* and had already expended significant resources of the court hearing it. Moreover, that case involved gamesmanship by the plaintiffs in an apparent attempt to conceal the related nature of that earlier-filed case. No such misconduct is present here. Indeed, as described above, the *A.B.O. Comix* plaintiffs have sought to relate their case to a different proceeding, the *Prasad* case. Plaintiffs dispute that a similar relationship exists with *Briggs*.

Finally, *Our Children's Earth Foundation v. National Marine Fisheries Service*, 2015 WL 4452136 (N.D. Cal. July 20, 2015) is of even less relevance. The court related the cases at issue because they concerned similar Freedom of Information Act requests by plaintiffs seeking roughly the same records from the same federal agency. *Id*. at \*12. The motion to relate was filed around the same time as the parties cross-moved for summary judgment, a much later stage in a case that involved significantly greater resources than those expended in *Briggs*. *See id*. at \*2–12 (granting in part and denying in part the cross-motions for summary judgment). Because there have been no similarly advanced proceedings in *Briggs*, there is no duplication of labor in having *A.B.O. Comix* heard by a different court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

**CONCLUSION**

For the foregoing reasons, Plaintiffs in *A.B.O. Comix* respectfully request that the Court deny Defendants' motion to relate *A.B.O. Comix* to *Briggs*.


DATED: April 21, 2023                    Respectfully submitted,

                                         /s/

                                         Aaron Mackey (SBN 286647)
                                         *Electronic Frontier Foundation*
                                         *815 Eddy Street*
                                         *San Francisco, CA 94109*
                                         *T: (415) 436-9333*
                                         amackey@eff.org

                                         *Counsel for Plaintiffs A.B.O. Comix,*
                                         *Kenneth Roberts, Zachary Greenberg,*
                                         *Ruben Gonzalez-Magallanes, Domingo Aguilar,*
                                         *Kevin Prasad, Malti Prasad, and Wumi Oladipo*

6

# EXHIBIT A

AARON MACKEY (SBN 286647)
CARA GAGLIANO (SBN 308639)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
T: (415) 436-9333
amackey@eff.org

STEPHANIE KRENT**
ALEX ABDO**
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
stephanie.krent@knightcolumbia.org

**Application for Admission Pro Hac Vice
Forthcoming*

MARIA DEL PILAR GONZALEZ
  MORALES (SBN 308550)
SHUBHRA SHIVPURI (SBN 295543)
EMILY OVENCIA-AUDET (SBN 342116)
Social Justice Legal Foundation
523 West 6th Street, Suite 450
Los Angeles, CA 90014
T: (213) 973-4063
pgonzalez@socialjusticelaw.org

*Counsel for Third Parties A.B.O. Comix,
Kenneth Roberts, Zachary Greenberg, Ruben
Gonzalez-Magallanes, Domingo Aguilar,
Kevin Prasad, Malti Prasad, and Wumi
Oladipo*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| KEVIN PRASAD, | Case No. 4:22-cv-01346-JST |
| Plaintiff, | |
| v. | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULES 3-12 AND 7-11** |
| CARLOS G. BOLANOS, et al., | |
| Defendants. | |

1

**ADMINISTRATIVE MOTION**

2      Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs in the recently removed action

3   *A.B.O. Comix v. County of San Mateo*, No. 4:23-cv-01865-DMR, file this administrative motion

4   asking the Court to consider whether that case should be related to *Prasad v. Bolanos*, No. 4:22-

5   cv-01346-JST, a case Mr. Prasad voluntarily dismissed on March 27, 2023. As explained in the

6   attached Declaration of Aaron Mackey, counsel for Plaintiffs in *A.B.O. Comix* notified counsel for

7   Defendants via email of their intent to file this motion, seeking a stipulation as required by Civil

8   Local Rule 7-11(a). Defendants' counsel informed Plaintiffs that Defendants would not stipulate

9   that the cases were related.

10   **I.   THE TWO ACTIONS ARE RELATED.**

11      Both requirements of the Rule 3-12(a) of the Northern District of California's Civil Local

12   Rules are satisfied here: "(1) The actions concern substantially the same parties, property,

13   transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication

14   of labor and expense or conflicting results if the cases are conducted before different Judges." *See*

15   N.D. Cal. Civ. L.R. 3-12(a).

16      **A.   Both actions concern substantially the same parties, property, and events.**

17      The parties, property, and events at the heart of *A.B.O. Comix* and *Prasad* are substantially

18   the same, for four reasons.

19      First, the actions involve the same parties. Both actions involve Plaintiff Kevin Prasad, and

20   both actions name the Sheriff of San Mateo County as a Defendant. *See Prasad* Am. Compl. 1,

21   ECF. No. 14; *A.B.O. Comix* Compl. ¶¶ 19, 22–23, 78–81, Ex. A. Although a new sheriff took

22   office between the time Mr. Prasad filed his amended complaint in *Prasad* and when Plaintiffs

23   filed the complaint in *A.B.O. Comix*, both actions were brought against the San Mateo County

24   sheriff for official-capacity conduct. *See Prasad* Order 3, March 14, 2023, ECF No. 19 (explaining

25   that Mr. Prasad stated "a cognizable First Amendment claim against defendant SMCSO's Sheriff

26   Carlos Bolanos," citing case law holding that a sheriff could be liable for the implementation of a

27   deficient policy); *A.B.O. Comix* Compl. ¶ 23 (explaining that Sheriff Corpus "is sued in her official

28   capacity only").

ADMIN. MOT. RE RELATED CASES            2            Case No. 4:22-cv-01346-JST

1      Second, the actions involve largely the same facts and events. Both actions challenge

2   Defendants' policy of destroying mail sent to people in its jails—depriving them of physical letters,

3   drawings, pictures, and mementos. Mr. Prasad, for example, alleged that the Sheriff's Office "is

4   currently implementing an unconstitutional policy of banning any and all correspondence (with

5   the exception of legal correspondence) from entering the facility, with no penological interest

6   shown." *See Prasad* Am. Compl. 3:5–21. Likewise, Plaintiffs in *A.B.O. Comix* allege that San

7   Mateo County implemented a policy of "digitizing then destroying mail sent to people in its jails

8   . . . and of conducting suspicionless surveillance of that mail and the individuals who send it,"

9   *A.B.O. Comix* Compl. ¶ 1, Ex. A, and that this policy "serves no legitimate penological purpose,"

10  *id.* ¶ 8. Both actions explicitly challenge this policy as it pertains to general incoming mail—

11  including personal mail and educational and religious correspondence—rather than legal mail. *See*

12  *Prasad* Am. Compl. 3:5–21 (explaining that he does not challenge the treatment of "legal

13  correspondence"); *A.B.O. Comix* Compl. ¶ 1 (same).

14      Third, the actions involve the same claims. Mr. Prasad's initial complaint alleged that the

15  County's mail policy "is a constitutional First Amendment violation [that] denies Plaintiff U.S.

16  postal mail." *See Prasad* Compl. 2, ECF No. 1. This Court "liberally construed" the allegations in

17  Mr. Prasad's Amended Complaint to encompass "a cognizable First Amendment claim." *See*

18  *Prasad* Order 3, March 14, 2023. In *A.B.O. Comix*, Plaintiffs similarly raise freedom of speech

19  claims under the First Amendment and the California Constitution. *See A.B.O. Comix* Compl. ¶¶

20  88–90.

21      Fourth, the actions seek the same relief. Mr. Prasad's Amended Complaint sought the

22  restoration of physical mail at San Mateo County's jails, *see Prasad* Am. Compl. 6:1–5, and

23  Plaintiffs in *A.B.O. Comix* seek an injunction preventing Defendants from "digitizing and

24  subsequently destroying incoming mail" and from "denying incarcerated people access to physical

25  copies of their mail," *A.B.O. Comix* Compl. 30:3–6.

26      For these reasons, *Prasad* and *A.B.O. Comix* concern substantially the same parties,

27  property, and events, and are far more similar in nature than other cases filed in this District

28

ADMIN. MOT. RE RELATED CASES          3          Case No. 4:22-cv-01346-JST

challenging the County's treatment of legal mail. *See, e.g.*, *Briggs v. San Mateo Cnty.*, 4:22-cv-05012-YGR.[1]

### B. There will likely be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Declining to treat *A.B.O. Comix* as related to *Prasad* risks the unduly burdensome duplication of labor and conflicting results. Although *Prasad* was voluntarily dismissed on March 27, 2023, this Court had already made preliminary rulings in that case that are relevant to *A.B.O. Comix v. County of San Mateo*. For example, in this Court's screening of Mr. Prasad's Amended Complaint under 28 U.S.C. § 1915A, it held that "the operative complaint states a cognizable First Amendment claim against defendant Sheriff Carlos Bolanos." *See Prasad* Order 4, March 14, 2023. To reach this conclusion, this Court had to familiarize itself with the relevant First Amendment caselaw, *see id.* at 3, as well as the factual background concerning the County's decision to ban physical mail, *id.* at 2. Because this Court has already familiarized itself with the relevant facts and entered preliminary legal decisions in *Prasad*, relating the two cases would promote judicial economy and avoid the risk of conflicting findings.

## II. CONCLUSION

For the foregoing reasons, the *A.B.O. Comix* Plaintiffs respectfully request that *A.B.O. Comix v. County of San Mateo*, No. 4:23-cv-01865, be related to *Prasad v. Bolanos*, No. 4:22-cv-01346-JST.

///

---

[1] Plaintiffs are aware of two other cases challenging the County's mail policy that were filed on the same day or the day before *Prasad* and received lower-numbered case captions. *See Johnson v. San Mateo Cnty.*, No. 5:22-cv-01342; *Majors v. Pine*, No. 3:22-cv-01343. Neither of these cases involved Plaintiffs or Defendants, as the defendants in *Johnson* and *Majors* were the individuals serving on the San Mateo County Board of Supervisors rather than the County itself. *See Johnson* Compl. 2, *Johnson v. San Mateo Cnty.*, No. 5:22-cv-03152, ECF No. 1; *Majors* Compl. 2, *Majors v. Pine*, No. 3:22-cv-01343, ECF No. 1. Additionally, neither case involved the same level of judicial involvement as *Prasad*: *Majors* was dismissed for failure to prosecute, *see* Order 1, *Majors v. Pine*, No. 3:22-cv-01343, July 26, 2022, ECF No. 12, while *Johnson* was dismissed after the plaintiff elected not to file an amended complaint, *see* Order 1, Aug. 24, 2022, *Johnson v. San Mateo Cnty.*, No. 5:22-cv-01342, ECF No. 9. For these reasons, neither *Johnson* nor *Majors* meet the criteria for relation to the extent that *Prasad* does.

ADMIN. MOT. RE RELATED CASES      4      Case No. 4:22-cv-01346-JST

DATED: April 21, 2023

Respectfully submitted,

/s/ _____

Aaron Mackey (SBN 286647)
Cara Gagliano (SBN 308639)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
T: (415) 436-9333
amackey@eff.org

Stephanie Krent**
Alex Abdo**
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
stephanie.krent@knightcolumbia.org

Maria del Pilar Gonzalez Morales (SBN 308550)
Shubhra Shivpuri (SBN 295543)
Emily Ovencia-Audet (SBN 341116)
Social Justice Legal Foundation
523 West 6th Street, Suite 450
Los Angeles, CA 90014
T: (213) 973-4063
pgonzalez@socialjusticelaw.org

*Counsel for Third Parties A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo*

***Application for Admission Pro Hac Vice Forthcoming*