ROBERT H. BUNZEL (SBN 99395)
  rbunzel@bzbm.com
PATRICK M. RYAN (SBN 203215)
  pryan@bzbm.com
CHAD E. DEVEAUX (SBN 215482)
  cdeveaux@bzbm.com
CHRISTOPHER W. GRIBBLE (SBN 285337)
  cgribble@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Defendants COUNTY OF SAN MATEO and CHRISTINA CORPUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Kevin B. Prasad,<br><br>    Plaintiffs,<br><br>    v.<br><br>Carlos G. Bolanos, Kristina Bell, Mark C. Robbins, Alma Zamorra, John W. Munsey, and John Kovach,<br><br>    Defendants | Case No. 4:22-cv-01346-JST<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| Curtis L. Briggs, Robert Canny, and Matthew Murillo,<br><br>    Plaintiffs,<br><br>    v.<br><br>San Mateo County, Carlos Bolanos, Sheriff of San Mateo County, and Frank Dal Porto, Captain of the San Mateo County Sheriff's Office,<br><br>    Defendants. | Case No. 4:22-cv-05012-YGR |

| | |
|---|---|
| A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo,<br><br>        Plaintiffs,<br><br>   v.<br><br>County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County,<br><br>        Defendants. | Case No. 4:23-cv-01865-DMR |

## I. INTRODUCTION

Plaintiffs' relation-related filings make myriad paradoxical and false representations in support of their claim that *A.B.O.* and *Prasad* should be related and *Briggs* and *A.B.O.* should not. First, Plaintiffs claim their suit and *Prasad* involve "the same parties" because they involve two common parties ("Prasad" and "the Sherriff of San Mateo County") (4:22-cv-01346-JST, ECF No. 24 at 2:12, 12:19-20), while simultaneously asserting "[t]he parties in *Briggs* are not the same as those in *A.B.O.*" even though those cases also have two common parties—the County and its Sheriff. Briggs Comp. ¶¶ 11-12; *accord* A.B.O. Comp. ¶¶ 22-23. Plaintiffs suggest the *Briggs* plaintiffs (attorneys representing people detained in San Mateo County jails) do not meet the similar relationship test recognized in *Fin. Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006), based on the false assertion that they "do not seek to bring claims on behalf of their clients or anyone else incarcerated at the jails." *See* 4:22-cv-05012-YGR, ECF No. 19 at 3:10-11. In truth, the *Briggs* plaintiffs' expressly brought claims "***on behalf of themselves … and their current and prospective inmate clients***." *Briggs* Comp. at 19:9-10 (emphasis added).

Second, Plaintiffs claim *A.B.O.* and *Prasad* involve "the same facts and events" because both target three distinct acts by the County—all of which result from the County's contract with Smart: (1) the "'digitiz[ation]'" of inmate mail, (2) "destr[uction]" of the physical mail, and (3) "suspicionless surveillance of … [digitized] mail …." 4:22-cv-01346-JST, ECF No. 24 at 3:2-8. But *Prasad*, unlike *Briggs*, does not allege ***any*** of these three activities. *Prasad* alleges only that the County has "bann[ed] any and all correspondence (with the exception of legal correspondence) from entering the facility" in any form. *Id.* at 3:3-5. It does not even mention Smart's technology or its contract with the County, let alone allege Smart's contract facilitated "surveillance." *Prasad* claims the County uses a "ban[]" on mail "entering the facility" to engage in "discretionary censorship" that inhibits the "freedom of choice in purchasing literature"—particularly "literature" that includes "provocative" images. *Id.* at 4:8-5:9. Careful examination of *Prasad*, *Briggs*, and *A.B.O.* shows *Briggs* and *A.B.O.* target "substantially the same parties"—the County and its Sheriff on one hand and plaintiffs bringing claims on "behalf of … current and prospective inmate[s]" on the other. And *Briggs* and *A.B.O.* involve the same "transaction"—the County's

contract with Smart, enabling it to (1) "'digitiz[e]'" mail, (2) "destroy[]" the physical copies and (3) to "conduct[] suspicionless surveillance." *Prasad* ignores the Smart contract. Thus, there are no allegations that it results in "digitiz[ation]," "destr[uction]," and "surveillance."

## II.     ANALYSIS

### A.     Plaintiffs Misrepresent the Identify of the Parties

Plaintiffs claim their suit and *Prasad* involve "the same parties" because they involve two common parties, "Prasad" and "the Sherriff of San Mateo County." 4:22-cv-01346-JST, ECF No. 24 at 2:12, 12:19-20. Plaintiffs simultaneously claim that "[t]he parties in *Briggs* are not the same as those in *A.B.O.*" because the *Briggs* plaintiffs are "attorneys who represent people detained in San Mateo County jails" (4:22-cv-05012-YGR, ECF No. 19 at 3:5-6). But this ignores the fact that *A.B.O.* and *Briggs* equally have two common parties because the defendants in both suits are the County and its Sheriff. Briggs Comp. ¶¶ 11-12; *accord* A.B.O. Comp. ¶¶ 22-23. Moreover, two cases involve "substantially the same parties" under L.R. 3-12 "[e]ven though different plaintiffs are involved" where, as here, "the same defendants are involved," and the plaintiffs have a similar relationship with the defendants. *Fin. Fusion*, 2006 WL 3734292, at *3. Seeking to avoid this rule, Plaintiffs claim "[t]he *Briggs* plaintiffs do not seek to bring claims on behalf of their clients or anyone else incarcerated at the jails." 4:22-cv-05012-YGR, ECF No. 19, at 3:10-11. Not so. The *Briggs* plaintiffs brought their claims "**on behalf of themselves … and <u>their current and prospective inmate clients</u>**." *Briggs* Comp. at 19:9-10 (emphasis added). Thus, Plaintiffs' paradoxical representation that *Briggs* and *A.B.O.* do not involve "substantially the same parties" and that *Prasad* and *A.B.O.* do, are manifestly false.

### B.     *Prasad* Targets Alleged "Discretionary Censorship" of "Provocative" Images, While *Briggs* and *A.B.O.* Target the Same Transaction—the Smart Contract

Plaintiffs represent that *A.B.O.* and *Prasad* target "the same facts and events" because both Complaints target three distinct acts by the County—all of which arise from the County's contracted-for use of Smart's technology—(1) the County's "'digitiz[ation]'" inmate mail, (2) its "destr[uction]" of the physical "mail sent to people in its jails," and (3) its alleged use of Smart's technology to "conduct[] suspicionless surveillance of … [digitized] mail …." 4:22-cv-01346-

JST, ECF No. 24 at 3:2-8. But *Prasad* does not allege *any* of these acts. It does not accuse the County of employing the Smart Contract to facilitate "digitizing" or "destroying" inmate mail. Instead, it falsely accuses the County of "banning any and all correspondence (with the exception of legal correspondence) from entering the facility" in any form. *Id.* at 3:3-5. Second, it does not allege "surveillance" in any form. Rather, *Prasad* claims the County uses its purported "ban[]" on mail to engage in "discretionary censorship" that inhibits the "freedom of choice in purchasing literature." *Id.* at 4:8-14. It also alleges jail staff "censor inmate pictures based upon their own inherently subjective opinion" that they are "provocative" even though such images are not "pornographic." *Id.* at 4:15-5:9. Neither *A.B.O.* nor *Briggs* allege censorship.

Similarly, Plaintiffs claim *A.B.O.* and *Briggs* "do not concern the same transaction" because *Briggs* involves the County's policy "for handling attorney-client privileged electronic messages and mail," while *A.B.O.* concerns "harm to non-legal mail"—specifically that Smart's technology "enables sophisticated and invasive surveillance" which "hampers … expression." 4:22-cv-05012-YGR, ECF No. 19 at 3:19-28. But this ignores the fact that both *Briggs* and *A.B.O.* target the same "transaction"—the County's contract to use Smart's technology that encompasses both legal and non-legal communications. *See, e.g.,* A.B.O. Comp. ¶ 32 (the "County formally entered into an agreement with Smart …. Pursuant to that agreement, the County agreed to adopt MailGuard and to make digitized mail accessible only on communal tablets and kiosks provided by Smart"); Briggs Comp. ¶ 28 (the San Mateo Board of Supervisors entered into a written agreement with … Smart ... to provide inmate communication services for the Defendants' jails.").

Both Complaints also ask the Court to enjoin the performance of the contract for Smart's services. *See, e.g.,* A.B.O. Comp. Request for Relief ¶¶ D-H; Briggs Comp. Prayer for Relief ¶ B.

And both *A.B.O.* and *Briggs*—unlike *Prasad*— target the County's use of Smart's technology to engage in "sophisticated and invasive surveillance" which "hampers … expression." *See* 4:22-cv-05012-YGR, ECF No. 19 at 3:19-28. *A.B.O.* claims Smart's technology "enables sophisticated and invasive surveillance of both incarcerated and nonincarcerated people." A.B.O. Comp. ¶ 7; *accord id.* ¶¶ 8, 28-29, 42, 46. *Briggs* likewise alleges the "Smart Mail system" violates inmates privacy rights because while it "seemingly appears private … it is not private"

because communications "are surveilled, read, downloaded, forwarded, and retained by Defendants." Briggs Comp. ¶ 38; *accord id*. ¶¶ 39-44, 56, 63, 64, 69, 79.

Further, both *Briggs* and *A.B.O.* likewise allege that such surveillance "hampers … expression." *A.B.O.* alleges that the County's "policy has "deterred many … from writing as freely about sensitive topics …." A.B.O. Comp. Comp. ¶ 7; *accord id*. ¶¶ 5-6, 11, 47, 60-61, 63-65, 67-70, 72-87, 88-89. *Briggs* claims the County's use of Smart's technology to surveil inmate communications "chills the exercise of … First Amendment Rights." Briggs Comp. ¶ 107; *accord id*. ¶¶ 2-3, 76, 87, 93-97, 99-118. *Prasad* makes no analogous allegations—but instead accuses jail employees of using a ban on "provocative" or "pornographic pictures" to selectively "censor inmate pictures based on their own inherently subjective opinion." Prasad Comp. at 4:19-5:5.

### C. Only *Briggs* and *A.B.O.* Can Satisfy the Duplication of Labor Factor

Both *Briggs* and *Prasad* have been dismissed. Despite this neutral fact, Plaintiffs assert that relating *A.B.O.* with *Prasad* would avoid "duplication of labor" but relating *A.B.O.* with *Briggs* would not because the Court in *Prasad* "made preliminary rulings" enabling it to "familiarize[] itself with the relevant facts" of *A.B.O.*—i.e., the County's (1) "policy of 'digitizing'" inmate mail, (2) "destroying mail sent to people in its jails" and (3) its "surveillance" of digitized inmate correspondence. 4:22-cv-01346-JST, ECF No. 24 at 3:2-8, 4:4-6, 4;13-14. But as explained above, *Prasad* did not allege *any* of these things. While no dispositive motions were issued in *Briggs*, the Complaint explicitly targeted the County's (1) "'digitiz[ation]'" of inmate mail, (2) subsequent "destr[uction]" of physical mail, and (3) its "surveillance" of digitized mail. Thus, only *Briggs* could have enabled the Court to "familiarize[] itself with the relevant facts" at issue in the present case because *Prasad* did not involve such facts.

### D. If Plaintiffs Are Correct, *A.B.O.* Should Be Related to the *Johnson* Case

In a footnote, Plaintiffs state they "are aware of two other cases challenging the County's mail policy" that "received a lower" case number than *Prasad*. 4:22-cv-05012-YGR, ECF No. 19 at 4 n.1. Despite this, Plaintiffs chose not to file their relatedness motion in the lowest-numbered case. Plaintiff suggests neither is related because they did not involve any common parties because the defendants were members of the Board of Supervisors and not "the County itself" and they did

3042.000/1841602.7                                4
DEFENDANTS' OPPOSITION TO PLAINTIFF A.B.O. COMIX'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

not involve "the same level of judicial involvement as *Prasad*." 4:22-cv-05012-YGR, ECF No. 19 at 4 n.1. Not so. The lowest-numbered of these cases, *Johnson v. San Mateo Cnty.*, et al., included San Mateo County as a defendant. Supplemental Decl. of Chad E. DeVeaux ("Supp. CED Decl."), Ex. 1 at 1. In it, the inmate "claim[ed] his First Amendment right to receive mail was violated when the 'Sheriff County Authorities' ... shut down all incoming letters, including letters from family, friends, children, and businesses" because someone conspired "with inmates to smuggle '13 film strip of suboxone' into the jail through the mail." *Id.*, Ex. 2 at 2:12-19; *see also id.*, Ex. 3. And the case received equal, if not greater, "judicial involvement" than *Prasad* because Judge Labson Freeman issued a substantive order on the merits thoughtfully analyzing the allegations under *Turner v. Safley*, 482 U.S. 78 (1987), which "applies to regulations … concerning incoming mail received by prisoners" and the Prison Litigation Reform Act, which requires inmates to "exhaust administrative remedies." *Id.*, Ex. 2 at 2:20-5:4. She dismissed the case with to amend, inter alia, to give the plaintiff the opportunity to plead that he "exhausted administrative remedies" and to explain how the "individual defendant[s] … proximately caused the deprivation of a federally protected right." *Id.* at 4:17-5:4. She dismissed the case after the plaintiff failed to timely amend. *Id.*, Ex. 4. *Johnson* is less appropriately related to *A.B.O.* than *Briggs* because, like *Prasad*, it makes no allegations regarding Smart and does not target any of the three core allegations that are common to *Briggs* and *A.B.O.* But, if it were appropriate to relate *Prasad* and *A.B.O.* despite this, as Plaintiffs represent, then *A.B.O.* should be related to *Johnson* because it is the lowest numbered case, has more similarities to *A.B.O.* than *Prasad*, and the Court did further analysis than in *Prasad*. If Plaintiffs claim *Johnson* is not related, then it is disingenuous to claim that *Prasad* is. Accordingly, Defendants will file an additional related case motion in *Johnson*.

### III.     Objection to Plaintiffs' Motion

Defendants object to Plaintiffs' motion because their brief styled "Administrative Motion to Consider Whether Cases Should Be Related" did not include a notice of motion. All motions must include a notice, i.e., "a concise statement of what relief or Court action the movant seeks." Civ. L.R. 7-2(b). One that does "not include a notice of motion" may be "STRICKEN." *Doe v. Accurate Background, LLC*, 2017 WL 7803798, at *1 (C.D. Cal. Nov. 29, 2017) (Station, J.).

DATED: April 25, 2023

Respectfully submitted,

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation

By: _____
Patrick M. Ryan
Attorneys for Defendants COUNTY OF SAN MATEO and CHRISTINA CORPUS