AARON MACKEY (SBN 286647)
CARA GAGLIANO (SBN 308639)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel.: (415) 436-9333
Email: amackey@eff.org

STEPHANIE KRENT (*Pro Hac Vice* motion forthcoming)
ALEX ABDO (*Pro Hac Vice* motion forthcoming)
KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY
475 Riverside Drive, Suite 302
New York, NY 10115
Tel.: (646) 745-8500
Email: stephanie.krent@knightcolumbia.org

MARIA DEL PILAR GONZALEZ MORALES (SBN 308550)
EMILY OLIVENCIA-AUDET (SBN 342116)
SHUBHRA SHIVPURI (SBN 295543)
SOCIAL JUSTICE LEGAL FOUNDATION
523 West 6th Street, Suite 450
Los Angeles, CA 90014
Tel.: (213) 973-4063
Email: pgonzalez@socialjusticelaw.org

*Attorneys for Third Parties A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Curtis L. Briggs, Robert Canny, and Matthew Murillo,<br><br>Plaintiffs,<br><br>v.<br><br>San Mateo County, Carlos Bolanos, Sheriff of San Mateo County, and Frank Dal Porto, Captain of the San Mateo County Sheriff's Office,<br><br>Defendants. | Case No. 4:22-CV-05012-YGR<br><br>**OPPOSITION TO DEFENDANTS' NEW ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

1

OPP'N TO NEW MOT. TO RELATE                                    Case. No. 4:22-cv-05012-YGR

Plaintiffs in *A.B.O. Comix v. County of San Mateo*, No. 4:23-cv-01865-DMR, file this response in opposition to Defendants' new administrative motion to consider whether cases should be related, which argues that *A.B.O. Comix* should be related to *Briggs v. San Mateo County*, No. 4:22-cv-05012-YGR. *See* New Mot. to Relate, ECF No. 18. In this district, cases are treated as related to prevent the "unduly burdensome duplication of labor and expense or conflicting results" that can occur when two matters concerning substantially the same factual or legal issues proceed before different judges. Civil L.R. 3-12(a).

As explained in the *A.B.O. Comix* Plaintiffs' opposition to Defendants' initial motion, *Briggs* involves distinct legal and factual issues pertaining to attorney–client communications and the County's electronic messaging system. *See* Pls.' Opp'n, ECF No. 19; *see also Briggs* Compl. ¶¶ 50–56, 65–79, ECF No. 1. In contrast, *A.B.O. Comix* pertains to the digitization and destruction of *non-legal mail* at the County's facilities. Therefore, the two cases do not meet this Court's requirements for relation.

However, *Prasad v. Bolanos, et al.*, No. 4:22-cv-01346-JST, is closely related to *A.B.O. Comix*, because the two cases involve many of the same parties and legal claims surrounding Defendants' policy of digitizing and destroying incoming non-legal mail. *See* Am. Compl. 3:5–21, *Prasad v. Bolanos*, No. 4:22-cv-01346-JST (N.D. Cal. July 25, 2022), ECF No. 14. Plaintiffs in *A.B.O. Comix* submit this subsequent opposition to explain why *A.B.O. Comix* should be related to *Prasad* rather than to *Briggs*.

First, *A.B.O. Comix* and *Prasad* are related within the meaning of Civil Local Rule 3-12(a) because both cases involve the same parties, events, and transactions, and raise nearly identical First Amendment challenges to the County's digitization and destruction of physical mail. *See* Mot. to Relate, *Prasad*, No. 4:22-cv-01346-JST, ECF No. 24. Although Defendants argue that Mr. Prasad did not directly mention Smart Communications in his Amended Complaint, *see* New Mot. to Relate 2–4, Mr. Prasad plainly challenged the County's denial of physical mail at San Mateo County jails. Throughout his filings in *Prasad*, Mr. Prasad alleged that the County began relying on Smart Communications to deny physical mail to those incarcerated in its facilities in April 2021—as do Plaintiffs in *A.B.O. Comix*. *See* Compl. 2–3, *Prasad*, No. 4:22-cv-01346-JST, ECF

2

OPP'N TO NEW MOT. TO RELATE                               Case. No. 4:22-cv-05012-YGR

No. 1 (alleging a "constitutional First Amendment violation" because the defendants "shut down . . . incoming handwritten mailed letters" beginning in April 2021); *Prasad* Am. Compl. 3:10 challenging the County's "institutional policy of banning any and all correspondence" except attorney–client communications); Prasad Decl. 1:15–25, *Prasad*, No. 4:22-cv-01346-JST, ECF No. 16 (arguing that the policy "force[d] my family and any member of the public . . . to send all correspondence to Smart Jail Communications."); *see also A.B.O. Comix* Compl. ¶¶ 1, 31, Deveaux Decl. Ex. 1, ECF No. 18-1.

Both *A.B.O. Comix* and *Prasad* challenge the County's use of Smart Communications to deprive incarcerated people of physical mail under the First Amendment. *See A.B.O. Comix* Compl. ¶¶ 11, 88–89; *Prasad* Compl. 2; Order 3, *Prasad*, March 14, 2023, No. 4:22-cv-01346-JST, ECF No. 19. Defendants point out that *Prasad* included an additional challenge to restrictions on provocative materials in the County's jails, *see* New Mot. to Relate 2–3, 5, but this is of no moment: the key question is not whether there is complete duplication of claims, but whether the relevant parties, facts, and events are so similar that hearing them separately would create a "burdensome duplication of labor." Civil L.R. 3-12(a). Because the lawsuits involve overlapping plaintiffs and defendants, challenge the same policy, and raise the same constitutional claims, relating the two cases would satisfy the stated purpose of Civil Local Rule 3-12(a).

Second, relating *A.B.O. Comix* to *Briggs* is inappropriate because *Briggs* presents different factual and legal issues than those presented by *A.B.O. Comix*. *See* Pls.' Opp'n 3–4. In *Briggs*, the plaintiffs were lawyers challenging the County's surveillance of privileged legal messages sent via Smart Communications' "Smart Mail" service, as well as the County's still-unrealized plan to digitize and destroy attorney mail. *See Briggs* Compl. ¶¶ 50–56; 65–79; 87–92. By contrast, the *A.B.O. Comix* Plaintiffs have challenged neither the County's policies regarding electronic messages nor its policies regarding attorney–client communications. Thus, while Defendants point out that both the *A.B.O. Comix* and *Briggs* complaints address the surveillance of mail and the resulting chilling effect, New Mot. to Relate 2, 4, these concerns arise in different contexts and implicate different bodies of law. *E.g. Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208–11 (9th Cir. 2017) (describing First Amendment case law particular to legal mail). Where the factual and legal

3

OPP'N TO NEW MOT. TO RELATE                                   Case. No. 4:22-cv-05012-YGR

issues are so distinct, relation would not reduce the risk of conflicting results or promote judicial efficiency. As such, it would be inappropriate under Civil Local Rule 3-12(a).

## CONCLUSION

For the foregoing reasons, the *A.B.O. Comix* Plaintiffs respectfully request that the Court deny Defendants' new motion to relate *A.B.O. Comix v. County of San Mateo*, No. 4:23-cv-01865-DMR, to *Briggs v. San Mateo County*, No. 4:22-cv-05012-YGR.

DATED: April 25, 2023

Respectfully submitted,
 /s/
Aaron Mackey (SBN 286647)
Cara Gagliano (SBN 308639)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
T: (415) 436-9333
amackey@eff.org

Stephanie Krent**
Alex Abdo**
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
stephanie.krent@knightcolumbia.org

Maria del Pilar Gonzalez Morales (SBN 308550)
Shubhra Shivpuri (SBN 295543)
Emily Ovencia-Audet (SBN 341116)
Social Justice Legal Foundation
523 West 6th Street, Suite 450
Los Angeles, CA 90014
T: (213) 973-4063
pgonzalez@socialjusticelaw.org

*Counsel for Third Parties A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo*

**Application for Admission Pro Hac Vice Forthcoming

4

OPP'N TO NEW MOT. TO RELATE                                    Case. No. 4:22-cv-05012-YGR