UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. PRASAD,<br><br>  Plaintiff,<br><br>  v.<br><br>CARLOS G. BOLANOS, et al.,<br><br>  Defendants. | Case No. 22-cv-01346-JST<br><br>**ORDER DENYING MOTION TO RELATE PURSUANT TO N.D. CAL. L.R. 3-12; DENYING AS MOOT MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Re: ECF Nos. 24, 25 |
| CURTIS L. BRIGGS, ROBERT CANNY, MATTHEW MURILLO,<br><br>  Plaintiffs,<br><br>  v.<br><br>SAN MATEO COUNTY, CARLOS BOLANOS, SHERIFF OF SAN MATEO COUNTY, and FRANK DAL PORTO, CAPTAIN OF THE SAN MATEO COUNTY SHERIFF'S OFFICE,<br><br>  Defendants. | Case No. 4:22-cv-05012 |
| A.B.O. COMIX, KENNETH ROBERTS, ZACHARY GREENBERG, RUBEN GONZALEZ-MAGALLANES, DOMINGO AGUILAR, KEVIN PRASAD, MALTI PRASAD, and WUMI OLADIPO,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF SAN MATEO AND CHRISTINA CORPUS, in her official capacity as SHERIFF OF SAN MATEO COUNTY,<br><br>  Defendants. | Case No. 4:23-cv-01865 DMR |

1    Plaintiff, an inmate housed at Maguire Correctional Facility in Redwood, California, filed
2    this *pro se* action pursuant to 42 U.S.C. § 1983.  This case was closed on March 27, 2023.  For the
3    reasons set forth below, the Court DENIES the recently filed motions to relate.  ECF Nos. 24, 25.

**DISCUSSION**

5    The operative complaint in this action alleged that the San Mateo County Sheriff's Office
6    has a policy banning inmates from receiving any correspondence other than legal correspondence
7    and from receiving "provocative" pictures, and that these policies do not serve a legitimate
8    penological interest.  ECF No. 14.  28 U.S.C. § 1915A(b)(1) which requires federal courts to
9    conduct a preliminary screening of any case in which a prisoner seeks redress from a
10   governmental entity, or from an officer of employee of a governmental entity.  28 U.S.C. §
11   1915A(b)(1).  The Court must dismiss any claim that is frivolous, malicious, fails to state a claim
12   upon which relief may be granted, or seeks monetary relief from a defendant who is immune from
13   such relief.  28 U.S.C. § 1915A(b)(1).  In finding a claim cognizable, the Court is not ruling on the
14   merits of the claim, but merely evaluating whether the complaint sets forth facts sufficient to
15   render the claim cognizable.  *Cf. Hudson v. Pfieffer*, C No. 1:19-CV-00964 HBK, 2021 WL
16   5989158, at * 4 (E.D. Cal. Dec. 17, 2021) ("A court's determination that a case proceeds past §
17   1915A initial screening does not preclude granted a later-filed motion to dismiss under Federal
18   Rule of Civil Procedure 12(b)(6).").  The Court screened the operative complaint and found that,
19   liberally construed, it stated a cognizable claim for violation of Plaintiff's First Amendment right
20   to receive mail.  ECF No. 19.

21   On March 27, 2023, the Court granted Plaintiff's request to voluntarily withdraw this
22   action, and dismissed the action pursuant to Fed. R. Civ. P. 41(a)(1).  ECF No. 21.

23   Prior to this dismissal, on March 9, 2023, Mr. Prasad, the plaintiff in this action, along with
24   other individuals, commenced a civil action in San Mateo County Superior Court against San
25   Mateo County and San Mateo County Sheriff Christina Corpus, challenging San Mateo County's
26   adoption of Smart Communications' MailGuard service, which eliminates most physical mail and
27   provides mail to inmates in digital format.  *See* C No. 23-cv-01865 DMR, *A.B.O. Comix, et al. v.*
28   *Cty. of San Mateo, et al.*, ("*A.B.O. Comix*"), ECF No. 1 at 2.  (Notice of Removal).  On April 17,

1   2023, the defendants in *A.B.O. Comix* removed *A.B.O. Comix* to federal court. *Id.*

2   On April 21, 2023, nearly a month after this case was closed, the plaintiffs in *A.B.O.*
3   *Comix* filed a motion to relate *A.B.O. Comix* to this closed action. ECF No. 24. Defendants in
4   *A.B.O. Comix* oppose the request. ECF No. 24 at 2; ECF No. 27. That same day, the defendants
5   in *A.B.O. Comix* filed a motion requesting that the Court consider whether C No. 23-cv-01865
6   DMR should be related to this case and to C No. 22-cv-05012 YGR, *Briggs, et al. v. San Mateo*
7   *Cty, et al.*, and arguing that that *Briggs* is related to *A.B.O. Comix*. ECF No. 25. The plaintiffs in
8   *A.B.O. Comix* oppose this motion. ECF No. 28.

9   **A.     Legal Standard**

10  Pursuant to Civil Local Rule 3–12(a), actions are related if they "concern substantially the
11  same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly
12  burdensome duplication of labor and expense or conflicting results if the cases are conducted
13  before different Judges." Under the Local Rules, parties are required to file a motion to relate in
14  the earliest-filed action, so that the judge in that case can determine whether the cases should be
15  related. *See* N.D. Cal. L.R. 3-12(b).

16  //

17  **B.     Motion to Relate *A.B.O. Comix* to this Case Filed by *A.B.O. Comix* Plaintiffs**

18  The *A.B.O. Comix* plaintiffs argue that these two actions are related for the following
19  reasons. First, they argue that both actions involve Mr. Prasad as a plaintiff and the Sheriff of San
20  Mateo County as a defendant. Second, they argue that both actions involve "largely the same facts
21  and events ….[the *A.B.O. Comix*] Defendants' policy of destroying mail sent to people in its jails
22  – depriving them of physical letters, drawings, pictures and mementos." ECF No. 24 at 3. Third,
23  they argue that both actions involve the same claims because they both allege a violation of the
24  First Amendment. Fourth, they argue that both actions seek the same relief in that Mr. Prasad
25  sought the restoration of physical mail at San Mateo County jails and the *A.B.O. Comix* plaintiffs
26  seek an injunction preventing the *A.B.O. Comix* defendants from digitizing and subsequently
27  destroying incoming mail and from denying incarcerated persons access to physical copies of their
28  mail. *See generally* ECF No. 24 at 2-3. Finally, they argue that declining to treat these two cases

are related risks the unduly burdensome duplication of labor and risks conflicting results, as this Court has already made preliminary rulings in this case that are relevant to *A.B.O. Comix*, namely that the operative complaint stated a cognizable First Amendment claim against defendant Sheriff Carlos Bolanos, which required this Court to expend effort to understand the relevant First Amendment caselaw and the factual background concerning the County's decision to ban physical mail. *See generally* ECF No. 24 at 2-3.

The Court DENIES the request to relate this action to *A.B.O. Comix*. The Court has not made any substantive ruling regarding the merits or viability of the legal claims and the Court has not investigated the factual background of the claims. At the screening stage, the Court reviews the complaint – and only the complaint – to determine whether the complaint's allegations, liberally construed, state a cognizable claim for relief. Moreover, the factual allegations and the governing law in this case are distinct from those in *A.B.O. Comix*. The operative complaint in this action alleged that Mr. Prasad was not receiving his mail at all, and was prohibited from receiving provocative pictures, which the Court found stated a cognizable claim for violation of Mr. Prasad's First Amendment right to receive mail. However, the operative complaint did not disclose that Mr. Prasad was receiving his mail, but in a digitized format. It is the receipt of mail in digitized format that the *A.B.O. Comix* plaintiffs challenge, not the outright denial of mail. The *A.B.O. Comix* plaintiffs allege that the receipt of mail in digitized format violates their First Amendment right to freedom of expression, which is distinct from the First Amendment right to receive mail at issue in this action. The "labor" expended in this case will not be duplicated in *A.B.O. Comix*, as the complaints in the two actions challenged different actions (prohibition of all mail versus digitization of mail), under different legal theories (First Amendment right to receive mail versus First Amendment right to freedom of expression, Fourth Amendment search and seizure, and Religious Land Use and Institutionalized Persons Act). Nor is there a risk of conflicting rulings, because the Court made none in this case. Finally, this case is closed; was closed prior to service upon Defendants and prior to any substantive rulings being made; and was closed pursuant to Mr. Prasad's request. Relating *A.B.O. Comix* to this closed action would serve no purpose other than to effect a change in the judge assigned to hear *A.B.O. Comix*.

4

**C.     Motion to Consider Whether Cases Should be Related, Filed by *A.B.O. Comix* Defendants**

The *A.B.O. Comix* defendants have filed a motion to consider whether *A.B.O. Comix* should be related to this case and to *Briggs*. ECF No. 25. The *A.B.O. Comix* defendants have filed this motion in both this action and in *Briggs*. Specifically, the *A.B.O. Comix* defendants argue that *A.B.O. Comix* should be related to *Briggs* and assigned to Judge Gonzalez Rogers. The *A.B.O. Comix* defendants argue that this case is not related to *A.B.O. Comix*. Because the Court has DENIED the motion to relate this case to *A.B.O. Comix*, *A.B.O. Comix* remains assigned to Judge Ryu. Pursuant to N.D. Cal. L.R. 3-12(b), (f), whether *A.B.O. Comix* should be related to *Briggs* must be decided by Judge Gonzalez Rogers. The Court therefore DENIES as moot the motion to consider whether cases should be related filed by the *A.B.O. Comix* defendants. ECF No. 25.

**CONCLUSION**

For the reasons set forth above, the Court DENIES the motion to relate filed by the plaintiffs in C No. 23-cv-01865 DMR, *A.B.O. Comix, et al. v. Cty. of San Mateo, et al.*, ECF No. 24; and DENIES as moot the motion to consider whether cases should be related filed by the defendants in C No. 23-cv-01865 DMR, *A.B.O. Comix, et al. v. Cty. of San Mateo, et al.*, ECF No. 25. This case remains closed.

This order terminates ECF Nos. 24, 25.

**IT IS SO ORDERED.**

Dated: April 27, 2023

_____
JON S. TIGAR
United States District Judge